61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Julie G. WALTERS, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 94-3537.
 United States Court of Appeals, Federal Circuit.
 July 17, 1995.
 
 Before RICH, MAYER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Julie G. Walters, a former food inspector with the Food Safety and Inspection Service of the United States Department of Agriculture (agency), seeks review of the final decision of the Merit Systems Protection Board (board), No. AT0752930725-I-1 (June 27, 1994), reversing an initial decision by an administrative judge (AJ) and sustaining her removal for violating the terms of a last chance settlement agreement. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). "[T]he standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. United States Postal Serv., 819 F.2d 1113, 1115 (Fed.Cir.1987).
 
 
 3
 Walters argues that the board exceeded its authority in dismissing the findings of the AJ. In an initial decision dated December 10, 1993, an AJ had found that, although Walters had admitted much of the alleged misconduct, the agency had enforced the terms of the last chance settlement agreement in bad faith because the relevant rules were not enforced against others. The AJ therefore refused to sustain her removal.
 
 
 4
 Contrary to Walters's argument, however, the full board is free to substitute its own findings for those of the AJ, although it should accord due deference to the AJ's credibility determinations. See Connolly v. Department of Justice, 766 F.2d 507, 512 (Fed.Cir.1985). Here, the board properly found Walters's admitted misconduct sufficient to invoke the last-chance agreement and overcome any allegation of bad faith. Walters stipulated that she had used vulgar language, engaged in conduct unbecoming a federal employee, and entered into a financial transaction with an employee of a regulated establishment. Based on the admitted misconduct and other evidence in the record, the board concluded that the agency did not invoke its last chance settlement agreement with Walters in bad faith. We see no reversible error in that decision.